**NOT FOR PUBLICATION**

<u>**UNITED STATES DISTRICT COURT**</u>
<u>**FOR THE DISTRICT OF NEW JERSEY**</u>

_____
                                :
ROBERT TERRY,                   :
                                :          Civil Action No.
              Petitioner,       :          12-5263 (DRD)
                                :
         v.                     :
                                :
RONALD H. CATHEL,               :
                                :          <u>**MEMORANDUM OPINION**</u>
              Respondent.       :
_____:

**Debevoise**, District Judge:

     This matter comes before the Court upon the Clerk's
commencement of the instant action, pursuant to this Court's
order, <u>see</u> Docket Entry No. 2, and Petitioner's filing of a
document titled "Cause for Federal Review Must Be Shown," <u>see</u>
Docket Entry No. 3, and it appearing that:

     1.  On September 26, 2005, Petitioner instituted a Section
2254 habeas action.  <u>See</u> <u>Terry v. Cathel</u> ("<u>Terry-I</u>"), Civil
Action No. 05-4644 (DRD) (D.N.J.).

     2.  After giving Petitioner his <u>Mason</u> notice, directing
Respondent to answer Petitioner's habeas application, and having
Petitioner traverse to the same, this Court considered all
submissions and dismissed Petitioner's habeas application as
untimely, declining to issue a certificate of appealability.  <u>See</u>
<u>Terry-I</u>, Docket Entries Nos. 2-15.

                        Page  -1-

3.   The Court clarified the basis for its decision (that Petitioner's federal habeas application was untimely) as follows:

> On June 26, 1996, following a five-day trial in the Superior Court of New Jersey, Law Division, Union County, a jury convicted Petitioner of first degree murder, fourth degree aggravated assault, second degree possession of a weapon for an unlawful purpose, and third degree unlawful possession of a weapon.  Immediately thereafter, Petitioner was tried before the same jury on a separate charge of possession of a weapon by a convicted felon and was found guilty.  On October 18, 1996, the trial court entered judgment sentencing Petitioner to an aggregate term of life imprisonment plus a consecutive term of fifteen and one-half years' imprisonment, with a forty-three year parole disqualifier.  On direct appeal, the Superior Court, Appellate Division, affirmed the judgments of conviction, but remanded for resentencing.  The Supreme Court of New Jersey denied certification on October 15, 1998.  Petitioner did not petition the United States Supreme Court for a writ of certiorari.  Petitioner's first state petition for post-conviction relief ("PCR") was placed into the prison mail system on November 26, 1998.  The trial court denied the first state PCR petition on March 3, 2000.  By opinion filed April 15, 2002, the Appellate Division affirmed the denial of relief.  The Supreme Court of New Jersey denied certification on September 6, 2002.  Petitioner placed a second state PCR petition into the prison mail system on December 6, 2002.  The trial court denied relief on November 13, 2003, finding that the second state PCR petition was untimely.  On April 18, 2005, the Appellate Division affirmed the denial of relief on the ground that the second state PCR petition was untimely and, alternatively, on the merits.  By order filed June 22, 2005, the Supreme Court of New Jersey denied certification. [Petitioner's federal habeas] Petition, dated September 18, 2005, was received by this Court on September 26, 2005.  . . .
>
> The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which

provides in pertinent part:

(1)   A 1-year period of limitation shall apply to
      an application for a writ of habeas corpus by
      a person in custody pursuant to the judgment
      of a state court. The limitation period shall
      run from the latest of –

      (A)   the date on which the judgment became
            final by the conclusion of direct review
            or the expiration of the time for
            seeking such review;

(2)   The time during which a properly filed
      application for State post-conviction or
      other collateral review with respect to the
      pertinent judgment or claim is pending shall
      not be counted toward any period of
      limitation under this subsection.

Thus, evaluation of the timeliness of a § 2254
petition requires a determination of, first, when
the pertinent judgment became "final," and,
second, the period of time during which an
application for state post-conviction relief was
"properly filed" and "pending."

A state-court criminal judgment becomes "final"
within the meaning of § 2244(d)(1) by the
conclusion of direct review or by the expiration
of time for seeking such review, including the
90-day period for filing a petition for writ of
certiorari in the United States Supreme Court.  To
statutorily toll the limitations period, a state
petition for post-conviction relief must be
"properly filed."  An application is "filed," as
that term is commonly understood, when it is
delivered to, and accepted by the appropriate
court officer for placement into the official
record.  And an application is "properly filed"
when its delivery and acceptance are in compliance
with the applicable laws and rules governing
filings.   . . . [T]he question whether an
application has been "properly filed" is quite
separate from the question whether the claims
contained in the application are meritorious and
free of procedural bar.

Where a state court has rejected a petition for post-conviction relief as untimely, . . . it [can]not [be deemed] "properly filed" and the petitioner is not entitled to statutory tolling under § 2244(d)(2).  This is so even where, in the alternative, the state court addresses the merits of the petition in addition to finding it untimely.  . . .

The limitations period of § 2244(d) also is subject to equitable tolling. Equitable tolling applies only when the principles of equity would make the rigid application of a limitation period unfair.  Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights.  The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims.  Mere excusable neglect is not sufficient.  . . .

Finally, "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court."

Here, [the] Petition is untimely.  Petitioner's conviction became final, and the one-year limitations period began to run, on January 13, 1999, ninety days after the Supreme Court of New Jersey denied certification on October 15, 1998. Petitioner's first motion for post-conviction relief, filed on or about November 26, 1998, already was pending when the conviction became final.   Thus, the limitations period was statutorily tolled from the time the conviction became final until the conclusion of Petitioner's appeals from the denial of his first state petition for post-conviction relief, when the Supreme Court of New Jersey denied certification on September 6, 2002.  Because Petitioner's second state PCR petition was barred as untimely, it did not statutorily toll the statute of limitations. Thus, the limitations period applicable to [Petitioner's habeas] Petition expired on September 6, 2003, one year after conclusion of proceedings in Petitioner's first state PCR petition.  [His] Petition dated September 18,

> 2005, was filed more than two years late.
> Petitioner does not allege any basis for equitable
> tolling . . . .

Terry-I, Docket Entry No. 13, at 1-9 (footnotes and

citations to law and to docket entries omitted).

4.  Petitioner appealed and, on March 22, 2007, the Court of

Appeals also denied him a certificate of appealability.  See

Terry-I, Docket Entry No. 20.  The Supreme Court of the United

States denied Petitioner certiorari on November 13, 2007.  See

Terry-I, Docket Entry No. 21.

5.  Five years passed by.  On August 10, 2012, the Clerk

received a letter ("August Letter") from Petitioner asserting

that his habeas challenges should be revisited anew in light of

the recent Supreme Court decision in Martinez v. Ryan, 132 S. Ct.

1309 (2012).  See Terry-I, Docket Entry No. 23.  This Court,

therefore, directed the Clerk to commence the instant matter in

order to address Petitioner's August Letter.  See Terry-I, Docket

Entry No. 24; accord Instant Matter, Docket Entry No. 2.

6.  Shortly after the Clerk's commenced the instant action,

Petitioner filed a set of documents, with the cover document

titled "Cause for Federal Review Must Be Shown."[1]  See Instant

---

[1] Petitioner's submission, in toto, amounted to 133 pages.
See Instant Matter, Docket Entry No. 3.  Short of a few cover
pages, this submission replicated Petitioner's filings made
during his state criminal and PCR proceedings.  The cover pages
indicated that Petitioner submitted his only copy of said
records.  See Instant Matter, Docket Entry No. 3, at 1.  The
cover pages: (a) clarified that Petitioner, having no funds

Matter, Docket Entry No. 3.  The gist of Petitioner's August
Letter and the aforesaid lengthy submission could be reduced to a
single sentence, i.e., that this Court's prior decision
(dismissing Petitioner's federal habeas application as untimely)
was erroneous, and Petitioner should be entitled to a Section
2254 review on the merits.  See Instant Matter, Docket Entries
Nos. 1 and 3. Petitioner's argument indicates his unfortunate
conflation of two completely distinct and different concepts,
i.e., the concept of untimeliness and that of procedural default.
The Court will attempt to explain why the holding of Martinez is
inapposite to Petitioner's circumstances.

    7.  The Court notes the procedural invalidity of
Petitioner's instant application.

        a.  As stated supra, this Court's decision
           conclusively dismissing Petitioner's federal
           habeas application as untimely was entered on
           August 31, 2006.  See Terry-I, Docket Entry No. 15
           ("Dismissal Decision").  By so ruling, this Court

---

available to him, could not afford the 10-cents-per-page copying
fee charged by his correctional facility; and (b) requested
return of the 133-page submission Petitioner made to Petitioner.
This Court, therefore: (a) will direct the Clerk to print hard
copies of all Petitioner's submission docketed in the instant
matter as Docket Entries Nos. 3 and 3-1 to 3-7, and serve the
same upon Petitioner together with this Memorandum Opinion and
the Order issued herewith; and (b) takes this opportunity to
thank Petitioner for trusting the federal judiciary with the only
set of documents that he obviously treasures.

withdrew its jurisdiction over <u>Terry-I</u>.  Moreover, even had this Court not withdrawn its jurisdiction, this Court's jurisdiction over <u>Terry-I</u> was necessarily cut off on September 22, 2006; that is, the date when Petitioner filed his notice of appeal with the Court of Appeals.  <u>See</u> <u>Terry-I</u>, Docket Entry No. 17; <u>accord</u> <u>Venen v. Sweet</u>, 758 F.2d 117, 120 (3d Cir. 1985) ("[a] timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal").  Consequently, at this juncture, this Court is without jurisdiction to enter *any* decision as to any habeas challenges raised by Petitioner in <u>Terry-I</u>.

b.    Moreover, the Court cannot construe Petitioner's August Letter as a valid motion for reconsideration of the Court's Dismissal Decision, since: (a) Petitioner's appellate proceedings before the Court of Appeals for the Third Circuit have long been concluded and, thus, the Court of Appeals cannot possibly "stay" that long-completed

appeal for the purposes of this Court's resolving Petitioner's motion for reconsideration in <u>Terry-I</u>, and (b) in any event, since a motion for reconsideration should be filed within 14 days after the entry of the order being challenged, <u>see</u> Local Civil Rule 7.1(I), Petitioner's August Letter, if construed as a reconsideration motion, should be denied as untimely by about four years and eleven months.

c.   Furthermore, the Court has no viable basis for construing Petitioner's August Letter as a new Section 2254 habeas petition.  The Court of Appeals requires district courts to inform § 2254 petitioners of the procedural and other limitations imposed by the Antiterrorism Effective Death Penalty Act of 1996 ("AEDPA").  <u>See</u> <u>Mason v. Meyers</u>, 208 F.3d 414 (3d Cir. 2000).  In accordance with that requirement, this Court, by an order entered on October 5, 2005, informed Petitioner that, if this Court rules on Petitioner's Section 2254 application, Petitioner would "lose [his] ability to file a second or successive petition under § 2254, absent certification by the Court of Appeals for the

Third Circuit and extraordinary circumstances."[2] Terry-I, Docket Entry No. 3, at 2.  Since Petitioner did not obtain certification from the Court of Appeals, Petitioner's August Letter, if construed as a new § 2254 petition, is necessarily subject to dismissal for lack of jurisdiction.[3] See Burton v. Stewart, 549 U.S. 147, 157 (2007) (if petitioner did not obtain an order from the circuit court authorizing a second or successive habeas petition, the district court lacks jurisdiction to consider a second or successive habeas petition).[4]  In other words, no matter how

---

[2] In response to this Court's Mason notice, Petitioner requested an opportunity to amend his federal habeas petition, and his request was granted.  See Terry-I, Docket Entries Nos. 3-5.  On November 14, 2005, Petitioner, being fully aware of the fact that he is submitting his one and only all-inclusive federal habeas application, filed his amended petition.  See Terry-I, Docket Entry No. 6.

[3] Since the Court of Appeals denied Petitioner certificate of appealability as to Terry-I, this Court finds it not in the interests of justice to forward Petitioner's August Letter to the Court of Appeals upon construing the August Letter as Petitioner's application for certification of his second/successive Section 2254 petition.  However, no statement made by this Court prevents Petitioner from making the same application to the Court of Appeals on Petitioner's own, that is, if Petitioner believes, in good faith, that such application is warranted.

[4] In Gonzalez v. Crosby, the Supreme Court held that a 60(b) motion should be treated as a second or successive habeas petition if it "seeks vindication" of a "claim."  See 545 U.S. 524, 531 (2005).  The Supreme Court defined a "claim" as "an

this Court were to slice it, Petitioner's August Letter is procedurally and/or jurisdictionally deficient.  However, being mindful of Petitioner's pro se litigant status, this Court finds it warranted to offer Petitioner clarifications as to the dense legal issues which seemingly confused him.

8.  Turning to the merits of Petitioner's most recent filing, it is evident that the Supreme Court's decision in Martinez fails to provide Petitioner with grounds for relief.  In Martinez v. Ryan, [where the] Supreme Court held that a prisoner may establish cause for the procedural default of an ineffective assistance of counsel claim by demonstrating that his or her counsel in an "initial-review collateral proceeding" provided ineffective assistance of counsel. [See Martinez,] 132 S. Ct. [at] 1315. . . . Thus, the Court created a narrow exception to the rule set forth in Coleman v. Thompson, 501 U.S. at 753-54, that an attorney's errors in a post-conviction collateral proceeding do not constitute cause to excuse a procedural

---

asserted federal basis for relief from a state court's judgment of conviction."  Id. at 530.  Where the litigant seeks to equitably toll the habeas' statute of limitations, his challenge falls within the reach of Gonzalez, since the litigant seeks to show that the District Court's "previous ruling which precluded a merits determination was in error." Parham v. Klem, 2012 U.S. App. LEXIS 19321, at *7 (3d Cir. Sept. 14, 2012) (relying on Gonzalez, 545 U.S. at 532 n.4).

default.

Jones v. Pa. Bd. of Prob. & Parole, 2012 U.S. App. LEXIS 15348, at *6-7 (3d Cir. July 25, 2012).  In other words, the Supreme Court stated that a certain unique set of circumstances might occur during PCR proceedings that might allow the federal court to excuse the litigant's failure to exhaust his/her claims in the state courts and such excuse would allow the federal court to reach the merits of the litigant's claims.

9.  A state prisoner, such as Petitioner, applying for a writ of habeas corpus in a federal court must "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or [certain narrow and unique] circumstances exist that render such process [meaningless or de facto] ineffective."  28 U.S.C. § 2254(b)(1); Rose v. Lundy, 455 U.S. 509, 515 (1982).

10.  A petition containing claims that are unexhausted but are procedurally barred under law cannot be dismissed without prejudice as unexhausted, but when a petitioner's failure to comply with a state procedural rule has prevented the state courts from reaching the merits of his federal claims, federal habeas review of those claims is ordinarily barred, and the petition is dismissed with prejudice.  See Yist v. Nunnemaker, 501 U.S. 797, 801 (1991).  The unusual exception to the procedural default rule occurs when the habeas petitioner can

show "cause" for his default and "prejudice attributable thereto or demonstrate that failure to consider the federal claim will result in a fundamental miscarriage of justice. <u>Harris v. Reed</u>, 489 U.S. 255, 262 1989.  This is the finding that the Court made in <u>Martinez</u>, namely that a prisoner may establish cause for the procedural default of an ineffective assistance of counsel claim by demonstrating that his or her counsel in an initial review collateral proceeding provided ineffective assistance of counsel.

11.  No aspect of the <u>Martinez</u> decision implicated, addressed or even reflected on the issue of untimeliness of the litigant's federal habeas petition.  In contrast, this Court's ruling entered in <u>Terry-I</u> was reached solely on the grounds of untimeliness of Petitioner's federal habeas application and the issue of whether Petitioner's claims had to be dismiss as procedurally defaulted at the state courts or reviewed on merits was not an aspect implicated, addressed or even reflected on in this Court's decision.  <u>See</u> <u>Terry-I</u>, Docket Entries Nos. 13-15.

12.  The fact that in its PCR decision the State court resorted to the phrase "procedural default" was of no bearing for the purpose of this Court's AEDPA analysis; all that mattered to the Court was the fact that Petitioner's second PCR application was dismissed by the State courts as untimely, since such untimely PCR application could not be deemed "properly filled" and, thus, could not trigger AEDPA statutory tolling.  In sum,

this Court's decision that Petitioner's federal habeas petition in <u>Terry-I</u> was untimely would have been rendered regardless of whether or not the State courts elected to resort to the phrase "procedurally defaulted."[5]

13.   For the foregoing reasons, Petitioner's August Letter, Docket Entry No. 1, will be dismissed as both procedurally and jurisdictionally deficient or, in alternative, as striving to assert a challenge having no factual predicate to support it. The Court will issue an appropriate Order to that effect and will direct the Clerk to serve upon Petitioner copies of the records docketed in this matter as Docket Entries Nos. 3, 3-1 to 3-7.

*s/ Dickinson R. Debevoise*
**Dickinson R. Debevoise**
**United States District Judge**

Dated: September 27, 2012

---

[5] To the best of its ability, this Court tried to explain this very point to Petition in its <u>Terry-I</u> decision when the Court pointed out that "the question whether [a PCR] application has been 'properly filed' is quite separate from the question whether the claims contained in [that] application are meritorious and free of procedural bar [ensuing from state-law issues other than untimeliness]." <u>Terry-I</u>, Docket Entry No. 13, at 6 (quoting <u>Artuz v. Bennett</u>, 531 U.S. 4, 8-9 (2000)).